The People of the State of California, Plaintiff,
vs.
Karl Raentsch, Defendant.

No. 9142.

Court House, Oakland, California, Wednesday, March 11, 1925.

60

The Court. The People against Karl Raentsch.

Mr. Walsh. Ready, your Honor.

Mr. Dunn. Ready.

The Court (Hon. Lincoln S. Church). There is just one proposition in this case that is serious. It appears from the statement on appeal, settled by the Justice, that this defendant Raentsch was prosecuted and convicted under Section 123 of the Motor Vehicle Act, having been charged with reckless driving. The case was tried before the Court without a jury, a jury trial having been waived, it being a misdemeanor, and it appears that upon the conclusion of the testimony the case was continued until a late date for argument. On the day fixed for the argument, on which the case was continued, the statement on appeal shows the following facts: Additional testimony was in-

troduced on that day, and the case was then closed, and the attorney for the defendant, Mr. White, insisted upon his right to argue the case —argue the facts and the evidence, as well as the law. The statement on appeal shows that "The Court thereupon answered that it was ready to give its decision, and Carlos G. White, Esq., as attorney for the defendant, requested leave of the Court to argue the evidence and the law, stating that this case had been continued for the purpose of argument. The Court, in answer to this request, stated that the Court recalled fully all the testimony in the case, and did not require, and would not permit any argument on the facts, but would gladly hear and consider any questions of law that Attorney White desired to present. Attorney White, in reply, stated that he felt that it was his duty to his client, and that the seriousness of the charge required an argument upon the facts as well as upon the law, and requested leave of the Court to argue the facts as well as the law, which request was refused. Attorney White, on behalf of the defendant, thereupon called the Court's attention to certain decisions as applicable to the law of the case, and attempted to call the Court's attention to inconsistencies in the testimony of the arresting officer and of the witnesses produced on behalf of the prosecution, but was interrupted therein by the Court with the statement, 'Now, Mr. White, you are getting away from the law, and arguing upon the facts. I will not permit that. This case has consumed too much time already.' In reply thereto, Attorney White replied, 'I shall present the law, and I shall insist that we have a right to argue

the facts, and if your Honor is so rushed and unwilling to hear the facts,' to which Judge Weinmann, presiding, replied, 'Now, Mr. White, you will irritate me in a minute. I again insist that if you have any legal decisions that you can present, that you give them. I do not want to hear any argument in the case on the facts. My mind is clear as to the facts.' The Court thereupon found the defendant guilty, and announced the judgment as a fine in the sum of Fifty Dollars, or one day in jail for every Ten Dollars of the fine.''

In criminal cases, it is the constitutional right of the defendant to appear in person and with counsel, and to defend in person and with counsel. Of course, a denial of the right to argue a case is assumed to be a denial of the constitutional right of the defendant, and even though the Court may have indicated its willingness to hear argument so far as the law of the case is concerned, in this particular instance he denied to the defendant the right to argue the facts of the case—the testimony.

A reading of the transcript on appeal, or at least the statement on appeal in the case shows that there was a conflict of testimony — and while the Court, or course, has power, undoubtedly, to limit the argument, whether upon the facts or upon the law, and limit the time of the argument, it has no power to deny to a defendant the right to argue the case, whether that argument is as to the law of the case or as to the facts; and in denying that right and in refusing to permit argument, there was a violation of the

constitutional rights of the defendant in this case, and the Court committed error, which to my mind is sufficient to justify this Court in granting a new trial to the defendant.

As to the other points submitting and argued, it is not necessary to pass upon them. However, this is the only error, I am satisfied, that the Court has committed, and it is of sufficient gravity to justify the granting of a new trial to the defendant. The Court, as I have said, whether a case is tried before a jury—a criminal case—or tried before the Court without a jury, may control the argument, limit the time of the argument, and prescribe reasonable limitation; but to absolutely deny the right of a defendant or his counsel to argue the case, whether upon the law or upon the facts, is an invasion of his con- that reason the defendant in this case is granted stitutional rights, and constitutes error, and for a new trial.